IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

SHARON TOWNSEND PATE

VS.                                        CIVIL ACTION NO. 4:08CV93-WAP-DAS

CALVIN PATE, JR. and
SETTLEMENT FUNDING, LLC
d/b/a PEACHTREE SETTLEMENT FUNDING

## **ORDER**

      This matter is before the Court on motion of the plaintiff to amend her second amended

complaint (# 20).  Also before the Court is the motion of plaintiff's counsel to withdraw from

representation (# 31).  Finally, the Court will address the defendants' motion to strike the

plaintiff's second and third amended complaints (# 27).  After considering the motions and the

responses thereto, the Court finds as follows:

### **1.  Motion to Amend Second Amended Complaint**

      With her motion to amend her second amended complaint, the plaintiff moves to have the

Court allow her to state that the defendant, Calvin Pate, Jr. is actually an "adult citizen legally

domiciled in the State of Tennessee."  The original complaint, the first amended complaint, and

the second amended complaint all provided that Mr. Pate was an "adult resident citizen of

Tallahatchie County, Mississippi."  It was not until the defendants filed a motion to dismiss,

arguing that this Court lacked subject matter jurisdiction that the plaintiff moved to amend,

providing the change of residency of Mr. Pate.

      The defendant objects to the motion, arguing essentially that the plaintiff had multiple

opportunities to amend the complaint before now in either the first or second amended

complaint. More importantly, however, the defendant points to the original complaint along with the first and second amended complaints, all of which state specifically that Mr. Pate is a resident of Tallahatchie County, Mississippi. Indeed, the thrust of the plaintiff's case depends on the plaintiff's allegation that Mr. Pate fraudulently attempted to show he lived in Tennessee when, according to the plaintiff, he lived in Mississippi.

The law as it pertains to this issue is well established. "[R]ule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires,'" *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981), and, therefore, leave to amend should not be denied without a substantial reason such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the present case, the plaintiff had at least three opportunities to amend her complaint to show that her ex-husband, Calvin Pate was a resident of Tennessee rather than Mississippi. However, the original complaint along with the first and second amended complaints provided he was a resident of Mississippi. The complaints specifically addressed Mr. Pate's residency stating in pertinent part:

> That on two separate occasions, the Respondent, CALVIN PATE, JR. attempted to obtain funds from his Annuity Account through the Chancery Court of Tallahatchie County, Mississippi, but was denied access to those funds by the Court. Thereafter, the Respondent, CALVIN PATE, JR. through collusion with the Respondent, PEACHTREE SETTLEMENT FUNDING, was advised by Peachtree that he should move to Tennessee in order to facilitate the invasion of his annuity account. Peachtree assisted Pate in obtaining a *fictitious* Tennessee address, *where he never lived* for the

> purpose of gaining jurisdiction in the Court of Tennessee. (See
> transcript of Petition for Direction, Page 6, lines 22-24), Judge Jon
> Barnwell, presiding.

(emphasis added). In other words, inherent in the plaintiff's case before this Court is her position

that the defendants attempted to set up a fraudulent address in Tennessee when Mr. Pate in reality

lived in Mississippi. Now in an attempt to create diversity jurisdiction, the plaintiff contends Mr.

Pate is a bona fide resident of Tennessee. As the defendant correctly points out, however, the

allegation of a party's residence is not a tactical device used whenever it suits the plaintiff's

purpose.

It is clear from the pleadings that the plaintiff had every opportunity to amend the

pleadings so show her ex-husband was a resident of Tennessee and not a resident of Tallahatchie

County, Mississippi, approximately thirty miles from the plaintiff's home. As noted *supra*,

"repeated failure to cure deficiencies by amendments previously allowed" is sufficient reason to

refuse to allow a subsequent amendment. *Jones v. Robinson Property Group, L. P.* 427 F.3d

987, 994 (5th Cir. 2005). Because the plaintiff in the present case had ample opportunity to

correct the pleading, the Court sees this as weighing heavily against allowing yet another

amendment.

More important, however, is that bad faith on the part of the movant may be considered a

factor in determining whether or not to allow amendment. In the present case, the defendant,

Calvin Pate, is the plaintiff's ex-husband. In the first three complaints, the plaintiff alleged that

Mr. Pate lived in Tallahatchie County, Mississippi, specifically 1085 Sharkey Road in

Charleston, Mississippi. Immediately following the defendant's motion to dismiss arguing a lack

of complete diversity, the plaintiff moved to amend, contending Mr. Pate now lived in

Tennessee. While such evidence is circumstantial, that evidence is compounded when it is taken in conjunction with the claim itself. In other words, the plaintiff filed the present action, arguing specifically that her ex-husband *did not* live in Tennessee, and his fraudulent address in Tennessee formed a significant portion of the basis of her claim. For the plaintiff now to attempt to amend after three previous amendments in which the residence was not amended appears disingenuous at best.

Because the plaintiff failed to address her husband's residence in the first three versions of her complaint, and because she moved to amend a third time only after the defendant moved to dismiss arguing lack of diversity, the plaintiff's motion to amend her second amended complaint is not well taken, and it shall be denied.

### 2. Motion to Withdraw

Next, plaintiff's counsel moves to withdraw from representation, stating that the plaintiff is "desirous of seeking other legal representation." Attached to the motion is a letter from the plaintiff informing counsel he "is no longer needed." Because the plaintiff does not wish to retain Jim Arnold's services any longer, the Court will allow his withdrawal. The Court notes that a case management conference is presently set for December 2, 2008. The plaintiff is hereby ordered to notify the Court within twenty days of entry of this order whether she intends to hire new counsel and to provide the name of new counsel or let the Court know she intends to proceed *pro se.*

### 3. Motion to Strike Second and Third Amended Complaints

Finally, Settlement Funding, LLC moves to strike the Second and Third Amended Complaints. As discussed extensively *supra*, leave to amend should not be denied without a

substantial reason such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Unlike the third amended complaint, none of these factors appear applicable to the second amended complaint. Moreover, while the plaintiff did not seek leave to amend before filing her second amended complaint, Rule 15(a)(2) does provide that leave shall be "freely given." As such, the Court will allow the second amended complaint, and it will be deemed filed as of August 18, 2008.

As to the third amended complaint, this is simply the second amended complaint filed with the changes sought in the plaintiff's motion to amend the second amended complaint. The motion to amend the second amended complaint is also docketed as a "motion for leave to file third amended complaint." Because the third amended complaint is actually the complaint filed with the amendment sought in the motion to amend the second amended complaint, and because that motion will be denied, it follows that the motion to strike the third amended complaint will be granted.

IT IS, THEREFORE, ORDERED that the plaintiff's motion to amend the second amended complaint is hereby DENIED.

IT IS FURTHER ORDERED that plaintiff's counsel's motion to withdraw (# 31) is hereby GRANTED.

The *pro se* plaintiff shall have twenty days from this date to either retain counsel or notify this Court in writing of her decision to proceed *pro se* (without counsel).

**Should the Plaintiff fail to comply with this order, it will be my recommendation**

**that this action be dismissed for failure to prosecute and for failure to obey an order of the**

**Court pursuant to FED.R.CIV.P. 41(b).**

IT IS FURTHER ORDERED that defendant's motion to strike the plaintiff's second and third amended complaints is DENIED as to the second amended complaint, and GRANTED as to the third amended complaint.

SO ORDERED, this the 6th day of November 2008.


/s/ David A. Sanders
 UNITED STATES MAGISTRATE JUDGE